**Homer T. CASE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14723.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Curtis P. Harris, Dist. Atty., Tom P. Harley, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge:

Homer T. Case, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County for the crime of Robbery with Firearms. On November 13, 1967, the following proceedings occurred in the District Court of Oklahoma County before the Honorable William S. Myers, Jr.:

"BY THE COURT: Case Number 33299, State of Oklahoma versus Homer T. Sonny Case comes on for hearing, the Court having been advised that the defendant wishes to withdraw his plea of not guilty in this case. Mr. Jordon, you are the attorney for the defendant; is that right?

BY MR. JORDAN: Yes, sir, our office has been appointed, and I have discussed this matter with Mr. Case and it has been discussed with him by Mr. Anderson also of our office.

BY THE COURT: And is the Court correct in advising that you wish to withdraw your plea of not guilty?

BY MR. JORDAN: Yes, we wish to withdraw our formal plea of not guilty. We wish to enter a plea of guilty and we wish to waive time in which sentence might be passed.

EXAMINATION BY THE COURT OF THE DEFENDANT:

Q. Is the name of Homer T. Sonny Case your true and correct name?

A. Yes.

Q. How old are you, Mr. Case?

A. Thirty eight.

Q. Is Mr. T. Hurley Jordan who is here with you representing you as your lawyer?

A. Yes.

Q. Do you know that you are charged with robbery with firearms in this case?

A. Yes.

Q. Have you and your lawyer had a copy of this charge?

(Reporter's Note: Whereupon, the Court handed to the Defendant a copy of the Information, and the Defendant apparently read it.)

Q. I repeat have you and your lawyer had a copy of this charge?

A. Yes, sir.

Q. Do you know that the maximum punishment provided for this crime is death in the electric chair and the minimum is five years?

A. Yes.

Q. Do you know that on a plea of guilty you may be sentenced to a term of imprisonment within these limits?

A. Yes.

Q. Do you know you are entitled to a jury trial of your case on this charge, and do you wish to waive it?

A. Yes.

Q. You do know that you are entitled to trial by jury if you wish?

A. Yes.

Q. Have you talked this case over with your lawyer and understand your rights and had his counsel and advice in this matter?

A. Yes.

Q. Do you wish to enter a plea now?

A. Yes.

Q. What is that plea?

A. Guilty.

Q. Are you pleading guilty of your own free will and accord for the reason that you are guilty and that you do admit that you did the acts charged?

A. Yes, sir.

Q. Now have you been abused, mistreated or threatened by anyone to have you enter this plea?

A. No, sir.

Q. Do you wish to enter your plea and be sentenced now?

A. Yes, sir.

Q. Having pled guilty, the Court does find that you are guilty, and upon recommendation of the District Attorney in this case concurred in by your counsel, hereby sentences you to a term of seven years in the State Penitentiary. Now that judg-

ment and sentence has been pronounced, the Court needs to inquire as follows—

BY MR. JORDAN: Let me ask you this one question, Your Honor, not being exactly familiar with the matter, but believing one way, we would request that this judgment and sentence be transported immediately to the Penitentiary with this person and that the Court request that he begin his sentence on this case while he has been convicted by a jury in another case that is similar to this—in fact, it arose out of almost the same thing, but he wants the Court to request—

THE COURT: It will be the order of this Court that he be transported forthwith to the State Penitentiary to start serving his term and that will be the order today.

BY MR. JORDAN: Fine.

BY THE DEFENDANT: This seven years will run with this thirty five?

BY THE COURT: All this Court can do with respect to this charge is order you transported to the State Penitentiary and start serving this term, start serving sentence in this case which is the only case—

BY MR. JORDAN: It is in addition to the thirty five he has already gotten.

BY THE COURT: About the other charge, this Court has no jurisdiction and it is not before it, but it will be the order of this Court that he be transported to the State Penitentiary to start service of his term of the sentence in case Number 33299 which is now on hearing before this Court.

BY MR. HARLEY: If the Court please, in the record, this fellow is presently incarcerated in the Oklahoma State Penitentiary, and he is there serving a thirty five year term. I believe that's right. Now we don't want it in the record at all nor do we intend that this matter run concurrently with the other sentence at all.

BY THE COURT: This Court cannot set it as concurrent. It is without authority. the only thing this Court is undertaking to do in this case is enter a sentence with respect to this charge and issue the regular order of judgment and sentence.

BY MR. HARLEY: Seven years in this case?

BY THE COURT: Yes, seven years in this case.

BY MR. HARLEY: He is up here on an order to bring him back here for trial.

BY THE COURT: The Court would like to inquire whether you understand you have the right to appeal the judgment and sentence in this case to the Court of Criminal Appeals?

BY THE DEFENDANT: I haven't made up my mind on that yet, sir.

Q. The Court will advise you that you do have the right to appeal the judgment and sentence of the Court in this case to the Court of Criminal Appeals, and the Court wants you to understand that you are entitled to have an attorney represent you on appeal in this case if you want. Do you understand that?

A. Yes, we could get Mr. Jordan to handle this. I haven't decided whether to appeal after conferring with him because this morning is the first time I have talked with him.

Q. In that regard I think what the Court should do is grant you additional time in which to confer with him with regard to whether you wish to make an appeal in this case or not, and so without proceeding any further beyond the judgment and sentence, the Court will request the Sheriff here to take you back upstairs in the County Jail and you can stay there up to ten days during which time you can make up your mind as to whether you want this case appealed.

BY MR. JORDAN: I wish you would put in the record, too, Your Honor, and give him information in the record as to how he must appeal this case by giving notice.

BY THE COURT: The Court does wish to advise you to appeal to the Court of Criminal Appeals from this judgment and sentence, you must give notice of your intention to appeal and your request for case-

made both in writing and file such notice and request with the Clerk of this Court within ten days from this date. That is why the time was up to ten days. If you make up your mind about it sooner, I would suggest you request to see Mr. Jordan, and Mr. Jordan can bring the matter to my attention and we will take whatever action you decide is appropriate in this case.

BY MR. JORDAN: I will talk with him, Your Honor.

A. I want to clarify one thing on the seven years Mr. Harley objected to. I didn't intend the Court to take this as a request to run concurrent. What I was concerned with is the seven years on the thirty five will kill my good time on the thirty five. That is the reason I wanted the seven years to run first. Otherwise, I would have to do the full—

BY MR. HARLEY: He can't do that.

BY THE COURT: This Court has no jurisdiction with regard to any matter now on appeal. All it was intended to do in this case is to accept your plea and sentence you in this case, and with the usual order and judgment and sentence have you transported to the State Penitentiary. The Sheriff is directed to take Mr. Case to jail and hold him ten days unless I hear from him or his lawyer sooner.

BY MR. HARLEY: When are we going to sign this form? The judgment and sentence in this case has been pronounced.

BY THE COURT: We will have it prepared for your signature shortly. Before you leave the Court, the Court wishes to advise you further with respect to your rights for an appeal. The Court wishes to advise you that you are entitled to have an attorney represent you on your appeal if you choose to take one and if you are unable to hire an attorney that this Court will provide an attorney for you, and the Court wishes to further advise you with respect to an appeal, that you are entitled to a case-made, that is, a full record of these proceedings for purposes of an appeal at public expense if you are unable to pay for it yourself. The Court wants you to be fully advised as to all your rights in this matter, and you may consider that in determining whether you wish to enter an appeal from this judgment and sentence or not.

END OF PROCEEDINGS."

Thereafter, on the 15th day of November, 1967, the defendant appeared with one of the Public Defenders of Oklahoma County, Mr. Don Anderson, and advised the court of his intention to appeal to the Court of Criminal Appeals, requested a case made at public expense and the appointment of counsel to represent him in perfecting said appeal to this Court. Thereafter, the defendant was sworn and testified that his only assets were $11.00 on deposit in the State Penitentiary, where he had been imprisoned, prior to his return to Oklahoma County for trial in the instant case, on the 29th day of September, 1967, sentencing him to imprisonment in the State Penitentiary for a term of 35 years after he had been found guilty by a jury. At the conclusion of the testimony of the defendant, the court ordered a case made prepared at public expense and appointed counsel to perfect an appeal to this Court.

From an examination of the Information, the judgment and sentence and the foregoing proceedings conducted in the District Court of Oklahoma County on the 13th and 15th days of November, 1967, it is readily apparent that the court had jurisdiction of the subject matter by virtue of the Information filed; that the defendant was represented by counsel and had been thoroughly advised of his rights to a jury trial, the nature and consequence of entering a plea of guilty, and the punishment that could be imposed therefor; and that he knowingly and intelligently entered a plea of guilty to such charge with full knowledge of the nature and consequence of such plea. We further observe that the punishment imposed was well within the range provided by law and only two years more than the minimum punishment.

We therefore are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.