Homer T. CASE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14691.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Stanley Pierce, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Curtis P. Harris, Dist. Atty., Tom P. Harley, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Homer T. Case, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, with the crime of Robbery with Firearms. He was tried by a jury who found him guilty and sentenced him to serve 35 years in the State Penitentiary at McAlester. From said judgment and sentence a timely appeal has been perfected to this Court.

briefly stated, the facts adduced on the trial reveal that on the 18th day of Febru-

ary, 1967, three men robbed Mr. Willie Buchanan, Manager of the Founder's Fair Food Mart, at gunpoint, of approximately $5,300.00. The defendant was identified by several witnesses during the trial, as being one of the persons holding a gun, and participating in the robbery. The defendant testified in his own behalf that he had never been in Oklahoma prior to his extradition and that he had not committed the robbery.

 On appeal defendant first contends that the trial court erred in refusing to treat a hand-written unverified instrument presented to the trial court as a habeas corpus, and conduct a hearing thereon. An examination of the instrument presented to the court discloses that it contains no allegations sufficient in law to warrant the issuance of a writ of habeas corpus. We are of the opinion, and therefore hold, that the trial court did not err in refusing to treat the unverified letter as an application for writ of habeas corpus and conduct a hearing thereon, since if all the matters alleged were true, they would not support the issuance of the writ.

It is next contended that the trial court erred in admitting into evidence, over the objection of the defendant, two photographs of an automobile identified by one of the State's witnesses as being like the one in which the robbers escaped. Counsel for defendant argues that since these automobiles had different license plates, the jury must have concluded the defendant had committed some other offense and that they were prejudiced thereby. Since the car appearing in the photographs was not connected with the defendant by any competent testimony, their admission into evidence may have been error, but in the light of the record before us, we are of the opinion that this error was not so prejudicial as to require reversal. We take judicial notice of Case v. State, Okl.Cr. App., 450 P.2d 828, decided this date, wherein the defendant entered a plea of guilty and admitted his presence in Oklahoma prior to extradition, contrary to the

statement made by him in his testimony in the instant case. We further observe that in imposing the sentence in that case, the trial court apparently took into consideration the sentence imposed in the instant case and gave him a lesser sentence than would ordinarily have been imposed. In conclusion, we observe that we have carefully reviewed the record in the instant case and are of the opinion that the proof of the defendant's guilt is amply supported by the evidence and that the record is free of any error which would justify modification or reversal. The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.