**Paul J. RUSSELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14991.**

Court of Criminal Appeals of Oklahoma.

April 23, 1969.

J. Winston Raburn, Lawton, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Justice.

Paul J. Russell, hereinafter referred to as defendant, was charged in the Superior Court of Comanche County with the crime of Murder; he was tried by a jury who found him guilty of the included offense of Manslaughter in the First Degree and assessed his punishment at eighteen years imprisonment in the state penitentiary, and he appeals.

The facts adduced on the trial establish that the defendant and his girl friend, Loretta Silverhorn, were apparently living together at 104½ "C" Avenue in Lawton, Oklahoma, on February 2, 1968. The defendant had been suffering from ulcers and had remained in bed throughout the early evening of February 2nd, when at around 8:00 p. m. Miss Silverhorn advised him she was going to the "Hole." The defendant had no objection and she left the premises where several of his friends were visiting. She returned around 10:30 p. m. with Benjamin Williams (the deceased), a soldier whom she had met at the "Hole." The couple brought with them two six-packs of malt liquor and some wine which they proceeded to drink while sitting on a couch in the defendant's living room. The pair had been drinking and were petting and hugging on the couch and seemed to be enjoying themselves when the defendant came out of the bedroom. The deceased, Williams, and the girl decided to swap jackets but since Miss Silverhorn was wearing the defendant's jacket, the defendant objected and the deceased threw the jacket on the floor in some wine that had been spilled there. The defendant then asked the deceased to leave and when he failed to do so, the defendant went to his bedroom from which he returned with a 12 gauge shotgun, ordering the deceased to leave. The deceased stood up, walked to the door, raised his hands as he approached the door and turned toward the defendant stating as he did so "Go ahead and shoot me." Whereupon the defendant obliged. An ambulance was called, the police were notified and when they arrived on the scene the defendant admitted shooting the deceased and took them to where the gun was located. No weapon was ever observed in the hands of the deceased nor was any found on his person. The cause of death was established as resulting from the gunshot wound inflicted.

The defendant's testimony was in substantial accord with that of the other witnesses, except that he testified that the deceased had reached in his pocket as if he had a weapon or knife there, upon first being requested to leave the premises. The defendant testified that it was then that he returned to his bedroom, secured the shotgun and ordered the deceased to leave and that the deceased went to the door, turned around and was advancing toward the defendant when, in fear of great bodily harm, the defendant shot the deceased. The defendant further testified that he did not intend to kill the deceased but shot only to protect himself.

No briefs were filed in support of the Petition in Error and it is readily apparent from an examination of the evidence that although it was conflicting, it presented a question of fact for the deter-

mination of the jury and that their verdict is amply supported by the record. Under such circumstances we follow the rule enunciated in Case v. State, Okl.Cr.App., 450 P.2d 832, as follows:

"Where the evidence amply supports the verdict of the jury and the record is free of error which would justify modification or reversal, the judgment and sentence appealed from will be affirmed."

Having carefully examined the record and finding it free of any error which would justify modification or reversal, we are of the opinion that the judgment and sentence should be, and the same is hereby,

Affirmed.

BUSSEY and NIX, JJ., concur.